No. 86,040

In the Matter of J. KEVIN LUND, *Respondent*.

(19 P.3d 110)

Opinion filed March 9, 2001.

*Alexander M. Walczak*, deputy disciplinary administrator, argued the cause, and *Edwin A. Van Petten*, deputy disciplinary administrator, and *Stanton A. Hazlett*, disciplinary administrator, were on the formal complaint for petitioner.

*J. Kevin Lund*, respondent, argued the cause pro se.

*Per Curiam*: This is an original uncontested attorney discipline case filed by the office of the Disciplinary Administrator against J. Kevin Lund (Respondent) of Kansas City, Kansas, an attorney licensed to practice law in Kansas. The complaint against the Respondent alleged that he had violated KRPC 8.4(c), (d), and (g) (2000 Kan. Ct. R. Annot. 420) (dishonesty, conduct prejudicial to the administration of justice, and conduct adversely reflecting on lawyer's fitness to practice law); and/or KRPC 1.15(a) and (d)(1) (2000 Kan. Ct. R. Annot. 360) (safekeeping property). The Disciplinary Administrator recommended that the Respondent be suspended from the practice of law for 1 year. The hearing panel recommends to this court that the Respondent be suspended from the practice of law for 1 year.

The parties entered into a stipulation of facts which are reflected in the findings of fact set out in the final hearing report. In 1996, Respondent and Bickell Lund (Complainant) were divorced in the District Court of Douglas County, Kansas. Respondent was ordered to pay child support and a portion of the medical and dental expenses for his and the Complainant's minor child.

The Respondent failed to pay his portion of the medical expenses of the minor child, and, as a result, on January 8, 1998, a judgment was entered against the Respondent in the amount of $1,078.89. Subsequently, the Respondent fell behind in his court-ordered child support payments and failed to pay the judgment

entered against him for medical and dental expenses of the minor child.

During this period, the Respondent maintained an IOLTA trust account with the Baldwin State Bank. At the hearing on this matter, the Respondent stated that, even though the account was identified as an IOLTA trust account, he had a question as to whether the account was truly a trust account because the Baldwin State Bank had never had an IOLTA trust account before and he did not know if it was set up properly as such an account. The Respondent testified that he deposited both client funds and personal funds into the account initially but subsequently began using the account exclusively for personal funds and stopped using the account for the deposit of client funds. Additionally, the Respondent testified that he paid various personal expenses using that account.

Eventually, Brian Farley, the District Court Trustee for Douglas County, Kansas, requested financial information from the Respondent. On December 17, 1997, and again on January 22, 1998, the Respondent wrote to Farley and informed Farley that he had an IOLTA trust account with the Baldwin State Bank. The Respondent represented to Farley that because the account was an IOLTA account, it was not subject to garnishment. At the hearing on this matter, the Respondent acknowledged that the information contained in the letters was false. At the time the Respondent wrote to Farley, the Respondent knew that he had personal funds in his trust account. The Respondent stated that he intentionally represented the funds in the account to be trust account funds when, in fact, he knew the funds were all personal funds that should not be placed in a trust account and should not be identified as being unavailable for garnishment.

On at least three occasions, the Respondent made child support payments from his IOLTA Trust account: check number 1029, in the amount of $250 for child support; check number 1153, in the amount of $230 for child support; and check number 1182, in the amount of $490 for child support.

On June 22, 1998, the district court issued an order directing the Respondent to appear on July 28, 1998, and provide financial information. The Respondent failed to comply with that order.

On August 5, 1998, Bickell Lund filed a complaint with the Disciplinary Administrator, alleging that Respondent was in arrears in his court-ordered child support payments, including a 2-year-old judgment for outstanding medical and dental expenses. The Douglas County Court Trustee's office confirmed that Respondent was behind in his child support payments and had paid some of his child support payments from his IOLTA trust account. The Trustee's office further indicated that Respondent was not cooperative regarding providing information on personal assets.

The Disciplinary Administrator requested a hearing to determine the merits of the allegations of the Complainant. At the hearing before the panel, the Respondent stipulated to the facts and the alleged violations of the Kansas Rules of Professional Conduct.

The panel reviewed the applicable Kansas Rules of Professional Conduct. KRPC 1.15(a) (2000 Kan. Ct. R. Annot. 360) provides:

*"A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property.* Funds shall be kept in a separate account maintained in the state of Kansas. Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and other property shall be kept by the lawyer and shall be preserved for a period of five years after termination of the representation." (Emphasis added.)

The panel concluded that Respondent violated KRPC 1.15(a) when he commingled his personal funds with client funds.

KRPC 1.15(d)(1) strictly prohibits lawyers from depositing personal funds into their trust accounts. That rule provides:

"(d) Preserving identity of funds and property of a client.

(1) All funds of clients paid to a lawyer or law firm, including advances for costs and expenses, shall be deposited in one or more identifiable accounts maintained in the state of Kansas with a federal or state chartered or licensed financial institution and insured by an agency of the federal or state government, and *no funds belonging to the lawyer or law firm shall be deposited therein* except as follows:

(i) Funds reasonably sufficient to pay bank charges may be deposited therein.

(ii) Funds belonging in part to a client and in part presently or potentially to the lawyer or law firm must be deposited therein, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the client, in which event the disputed portion shall not be withdrawn until the dispute is finally resolved." (Emphasis added.)

The panel concluded that by depositing personal funds into the IOLTA trust account, the Respondent violated KRPC 1.15(d)(1).

KRPC 8.4(c) (2000 Kan. Ct. R. Annot. 420) defines professional misconduct as "engag[ing] in conduct involving dishonesty, fraud, deceit or misrepresentation." The panel concluded that by providing false information to the court trustee, the Respondent violated the rule.

The panel found that by concealing personal funds that would have been subject to garnishment, by making intentional misrepresentations to the court trustee, and by failing to comply with court orders, the Respondent "engage[d] in conduct that is prejudicial to the administration of justice" in violation of KRPC 8.4(d) (2000 Kan. Ct. R. Annot. 420).

The panel noted that the most basic professional obligation is to maintain personal honesty and integrity. The panel concluded that because the Respondent lied to the court trustee to avoid having his personal funds garnished, the Respondent engaged in conduct that adversely reflected on his fitness to practice law, in violation of KRPC 8.4(g) (2000 Kan. Ct. R. Annot. 420).

The panel reviewed the factors provided in the ABA Standards for Imposing Lawyer Sanctions (1991) (ABA Standards) including: (1) whether the lawyer has violated a duty owed to a client, to the public, to the legal system, or to the profession; (2) whether the lawyer acted intentionally, knowingly, or negligently; (3) the amount of the actual or potential injury caused by the lawyer's misconduct; and (4) the existence of aggravating or mitigating factors.

The panel found that the Respondent violated his duty to the legal system by violating court orders and violated his duty to the legal profession by failing to maintain personal integrity. The panel found that the violations were intentional and that as a direct result of the Respondent's misconduct, the Complainant suffered actual harm. No evidence of aggravation or mitigation was presented to the panel. The panel noted that the Respondent indicated that while some of the listed mitigating factors may apply, he chose not to make any excuses for his conduct.

In addition, the panel considered ABA Standards for Imposing Lawyer Sanctions 6.22 and 7.2 (1991). ABA Standard 6.22 provides: "Suspension is generally appropriate when a lawyer knows that he or she is violating a court order or rule, and causes injury or potential injury to a client or other party, or causes interference or potential interference with a legal proceeding." ABA Standard 7.2 provides: "Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession and causes injury or potential injury to a client, the public, or the legal system."

The panel found that ABA Standards 6.22 and 7.2 were applicable and unanimously recommended that the Respondent be suspended from the practice of law for a period of 12 months. Additionally, prior to readmission to the practice of law, the panel recommended that the Respondent be required to establish that he is fit to practice law pursuant to Kansas Supreme Court Rule 219 (2000 Kan. Ct. R. Annot. 274).

IT IS THEREFORE ORDERED that J. Kevin Lund be and he is hereby suspended from the practice of law in the state of Kansas for a period of 1 year from March 9, 2001.

IT IS FURTHER ORDERED that J. Kevin Lund shall comply with the provisions of Supreme Court Rule 218 (2000 Kan. Ct. R. Annot. 266) and, at the end of the 1-year suspension or anytime thereafter, shall comply with Supreme Court Rule 219 (2000 Kan. Ct. R. Annot. 274).

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to J. Kevin Lund and that this order be published in the official Kansas Reports.